IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>  )<br>           **Plaintiff,**  )<br>  )<br>      **v.**  )<br>  )<br>**ALPHONZO KELLIN,**  )<br>  )<br>           **Defendant.**  )  | Case No. 16-20067-CM |

## PROTECTIVE ORDER

This matter comes before the Court on the Government's Unopposed Motion for Entry of a Protective Order Governing Disclosure of Personal Identity Information (ECF No. 12).  After being fully advised, the Courts finds that a protective order is warranted

WHEREFORE, the Court hereby enters a protective order governing the disclosure of personal identity information.

THEREFORE, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, it is ORDERED:

1. The United States may provide to the defendant as discovery documents containing unredacted personal identifying information and may provide such in digital format.

2. Defendant and defense counsel are ordered not to use the personal identifying information provided by the Government for any purpose other than litigation in this matter, and are precluded from disseminating the information to any other person.

3. Personal identifying information shall be maintained in a safe and secure manner by each counsel of record.  Although counsel may show the defendant the discovery documents while consulting with the defendant, counsel will not provide the defendant with physical or electronic copies of the discovery or allow the defendant to take notes that include any other individual's personal identifying information.

4. Defense counsel is permitted to provide the discovery documents to the following designated persons, provided counsel informs each person of the terms of the protective order, provides a copy of this protective order to the designated person, and the person agrees to be bound by the terms:

    a. investigative, secretarial, clerical, and paralegal personnel;

    b. independent expert witnesses, investigators, or advisors retained by counsel in connection with this action;

    c. other witnesses testifying to the contents of the document/material; and

    d. such other persons as may be authorized by the Court upon motion of either party.

5. The parties shall comply with Fed. R. Crim. Pro. Rule 49.1 for any document they intend to use as an exhibit at trial, or to provide in public pleadings.

6. Within 90 days of the conclusion of this litigation, counsel shall return the discovery to the United States Attorney's Office. If the defendant is entitled to discovery as a result of a challenge to a conviction or sentence, the court will consider at that time the manner and means by which the discovery should be accomplished to include, if necessary, the redaction of certain protected information.

IT IS SO ORDERED.

Dated February 2, 2017, at Kansas City, Kansas.

                                                s/ James P. O'Hara
                                                JAMES P. O'HARA
                                                United States Magistrate Judge