FILED IN OPEN COURT
3/22/2017
TIMOTHY M. O'BRIEN, CLERK
BY_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 16-20067-CM

ALPHONZO KELLIN,

Defendant.

## PLEA AGREEMENT

The United States of America, by and through Special Assistant United States Attorney, Erin S. Tomasic, and Alphonzo Kellin, the defendant, personally and by and through his counsel, Edward K. Fellig, hereby enter into the following Plea Agreement pursuant to Rule 11 of the Federal Rules of Criminal Procedure:

1. **Defendant's Guilty Plea.** The defendant agrees to plead guilty to Count Ten of the Indictment charging a violation of 18 U.S.C. § 1028A, that is, aggravated identity theft. The defendant agrees to plead guilty by **March 31, 2017**. By entering into this Plea Agreement, the defendant admits to knowingly committing the offense, and to being guilty of the offense. The defendant understands that the maximum sentence which may be imposed as to Count Ten of the Indictment to which he has agreed to plead guilty is a sentence of 2 years' imprisonment, to be imposed consecutively to any other term of imprisonment, not more than a $250,000 fine, not more than 1 year of supervised release, restitution in the amount ordered by the Court, and a $100.00 mandatory special assessment.

2. **Factual Basis for the Guilty Plea.** The parties agree the facts constituting the offense to which the defendant is pleading guilty are as follows:

Ver. 16-10

In March 2016, Scott Rinehart reported to the Johnson County Sheriff's Office that he recently received a Facebook friend request from "David McGinness." Mr. McGinness's profile picture included a Hillsboro, Kansas Police Department badge. Mr. Rinehart ignored the friend request because he was not familiar with Mr. McGinness. Mr. McGinness's Facebook page identified the phone number (620) 605-0430 among the contact information for the account. In addition to the Facebook friend request, Mr. Rinehart received a Facebook Messenger message from (620) 605-0430. The message identified the full name, date of birth, social security number, and driver's license number of Mr. Rinehart's daughter, Courtney Rinehart, then stated:

> [N]ow that I've got your attention, let me introduce myself as Officer David Mcginness. Apparently, a lady that either used to live with you or still lives with you used your id when she was arrested by us for theft. If this was indeed not you, give me a call at (620) 605-0430 so we can get to the bottom of this without having to arrest you on the job for some crime a different lady committed. That said, we have reason to believe it was not you based on your description and video surveillance. Nevertheless, we feel you could tell us who this lady is once we show you a photo of her. Let's clear this up for your sakes.
> David McGinness, Hillsboro Investigations.

As part of the investigation, Officers determined the Hillsboro Police Department did not employ anyone named David McGinness. Officers determined the phone assigned number (620) 605-0430 was subscribed to David McGinness at an address in Hillsboro, Kansas.

Johnson County Sheriff's Department Sgt. Kris Rutherford reviewed toll records for phone number (620) 605-0430. On February 15, 2016, the user of (620) 605-0430 called Mr. Rinehart in an attempt to contact his daughter, Courtney Rinehart. In March 2016, Ms. Rinehart reported to Sgt. Rutherford that someone attempted to open a Capital One credit card in her name, using her social security number. Ms. Rinehart became aware of the credit card application after Capital One's fraud department advised Ms. Rinehart of the credit card application. Capital One explained that the applicant identified Ms. Rinehart's address as being in Grandview, Missouri. Sgt. Rutherford identified an address associated with Mr. McGinness at 14003 Dunham Street in Grandview, Missouri. Sgt. Rutherford contacted a Pizza Hut in Grandview, Missouri that was listed among the toll information for (620) 605-0430. The Pizza Hut confirmed the user of (620) 605-0430 identified his address as 14003 Dunham Street in Grandview, Missouri.

Sgt. Rutherford obtained documentation from Capital One, Credit One Bank, and First Premier Bankcard showing a resident of 14003 Dunham Street in Grandview, Missouri submitted approximately forty credit card applications using various names, social security numbers, and other associated personal identifying information. In many instances, the credit card companies identified the application as fraudulent, and denied the application instead of issuing a credit card. In some instances, however, the credit card company issued a credit card. Agents estimate the loss amount is approximately $2274 to Credit One Bank, $334 to Capital One, and $1420 to First Premier Bankcard based on the total amount stolen by making purchases using the fraudulently obtained credit cards.

Officers obtained financial statements outlining the locations of purchases of the fraudulently obtained credit cards. Officers determined the user of the credit card issued to Derrick Carr made a purchase on February 20, 2016 at a Champs Sports Store in Independence, Missouri. Officers reviewed surveillance footage from the date and time the purchase was made using the credit card issued to Derrick Carr and determined Alphonzo Kellin (hereinafter "the defendant")

made that purchase. The defendant purchased various clothing items using the fraudulently obtained credit card. Officers also obtained video surveillance showing the defendant making a purchase using the fraudulently obtained credit card assigned to Derrick Carr at a Quick Trip in Kansas City, Kansas on February 20, 2016. Notably, the defendant was wearing the clothing items he purchased at Champs Sports while inside the Quick Trip. Officers obtained surveillance footage from a Quick Trip in Grandview, Missouri showing the defendant making two additional fraudulent purchases, one on February 20, 2016 using a credit card issued to Courtney Rinehart and the second purchase on February 22, 2016 using a credit card issued to Derrick Carr. Agents also determined the defendant used a credit card issued to Courtney Rinehart to make a fraudulent purchase at the Hollywood Casino in Kansas City, Kansas on February 20, 2016.

On January 30, 2016, Alphonso Kellin was arrested based on outstanding warrants. Officers advised Kellin of his *Miranda* rights, after which Kellin agreed to talk. During the interview, Kellin admitted he obtained personal identifying information for various individuals, including Courtney Rinehart and Derrick Carr. The defendant admitted he obtained and attempted to obtain credit cards using the name and personal identifying information of various individuals, including Courtney Rinehart and Derrick Carr. The defendant admitted he used a means of identification of Derrick Carr, that is, Mr. Carr's personal identifying information (including his social security number). The defendant admitted he contacted Ms. Rinehart's dad, Scott Rinehart, in an attempt to obtain a front and back photograph of Ms. Rinehart's driver's license. The defendant admitted he obtained Ms. Rinehart's personal identifying information from another individual, after Ms. Rinehart's driver's license and other items were stolen in an auto burglary. The defendant needed a front and back photograph of Ms. Rinehart's driver's license so that he could fraudulently obtain a credit card with a high credit limit in her name.

Thus, the defendant knowingly possessed and used the identification of Courtney Rinehart on or about February 20, 2016 to conduct a purchase at the Hollywood Casino in Kansas City, Kansas, without lawful authority. The possession and use of Ms. Rinehart's identification occurred during and in relation to wire fraud, that is a felony enumerated in § 1028A(c). In using a credit card issued to Ms. Rinehart, the defendant used interstate wire communication facilities, in that the payment pathway for the credit card crossed interstate lines. In using a fraudulently obtained credit card issued to Courtney Rinehart, without Ms. Rinehart's knowledge or permission, the defendant devised a scheme to defraud and acted with specific intent to defraud.

3. **Application of the Sentencing Guidelines.** The parties request that the Court apply the United States Sentencing Guidelines (Guidelines) to calculate the applicable sentence and impose a sentence consistent with the Guidelines. The defendant agrees to waive all constitutional challenges to the validity of the Guidelines. The defendant understands and acknowledges that the Court will find, by a preponderance of the evidence, the facts used to determine the offense level, and in making its findings, that the Court may consider any reliable evidence, including hearsay. Nothing in this section prevents the parties from filing objections to the Presentence Report prepared by the United States Probation Office, or from arguing the

application of specific sections of the Guidelines. The parties agree that the Court will determine the final Guideline range. The parties understand this Plea Agreement binds the parties only and does not bind the Court.

4. **Relevant Conduct.** The parties have agreed to the application of the Guidelines. Therefore, the defendant agrees that the conduct charged in any dismissed counts, as well as all other uncharged related criminal activity, will be considered as relevant conduct for purposes of calculating the offense level for the count(s) of conviction, in accordance with United States Sentencing Guidelines (U.S.S.G.) § 1B1.3.

5. **Government's Agreements.** In return for the defendant's plea of guilty as set forth herein, the United States Attorney for the District of Kansas agrees:

(a) to not file any additional charges against the defendant arising out of the facts forming the basis for the present Indictment;

(b) to recommend a sentence at the low end of the applicable Guideline range, and to allow the defendant to reserve the right to request a downward departure and/or a variance, except as prohibited by a statutory minimum sentence;

(c) to dismiss the remaining counts of the Indictment at the time of sentencing; and

(d) to recommend the defendant receive a two (2) level reduction in the applicable offense level under U.S.S.G. § 3E1.1 for acceptance of responsibility. In addition, if his offense level is 16 or greater, prior to any reduction for acceptance of responsibility, and the Court finds he qualifies for a two-level reduction, the United States will move at the time of sentencing for an additional one-level reduction for acceptance of responsibility because he timely notified the government of his intention to enter a plea of guilty.

The United States' obligations under this Paragraph are contingent upon the defendant's continuing to manifest an acceptance of responsibility. If the defendant denies or gives conflicting statements as to his involvement, falsely denies or frivolously contests relevant conduct the Court determines to be true, willfully obstructs or impedes the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempts to do so), or has engaged in additional criminal conduct,

the United States reserves the right to petition the Court for a hearing to determine if he has breached this Plea Agreement.

If the Court finds by a preponderance of the evidence that the defendant (1) has breached or violated this Plea Agreement; (2) has willfully obstructed or impeded the administration of justice, as defined by U.S.S.G. § 3C1.1 (or willfully attempted to do so); (3) has engaged in additional criminal conduct; or (4) has otherwise failed to adhere to this Plea Agreement's terms, the United States shall not be bound by this Paragraph, and may pursue any additional charges arising from the criminal activity under investigation, as well as any charges for any perjury, false statement, or obstruction of justice that may have occurred.

If the Court finds the defendant has violated this Plea Agreement, he understands and agrees that all statements he made, any testimony he gave before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights which might be asserted under the United States Constitution, any statute, Federal Rule of Criminal Procedure 11(f), Federal Rule of Evidence 401, or any other federal rule that pertains to the admissibility of any statements he made subsequent to this Plea Agreement.

6. **Defendant's Agreements.** The defendant agrees to pay restitution to the victims identified in this paragraph. The defendant agrees to pay restitution to the victims identified below in an amount not less than identified below:

| Victim | Minimum Amount of Restitution Owed |
| --- | --- |
| Credit One Bank | $2274.00 |
| First Premier Bankcard | $1420.00 |
| Solarium Super Tanning in Gardner, Kansas | $23.09 |

| Quick Trip Store #212 | $1.00 |
|---|---|
| Sonic Drive-In Store #2123 | $14.52 |
| Little Bui in Gardner, Kansas | $195.00 |
| HP KS Premiums in Downers Grove, Illinois | $50.00 |
| Quick Trip Store #249 | $7.03 |
| Wal-Mart Stores in Gardner, Kansas | $11.15 |
| Ma-J-R Thrift and Discount in Olathe, Kansas | $24.60 |
| Fox Enterprises, LLC in Gardner, Kansas | $10.65 |
| Derrick Carr | $29.00 |

The defendant also agrees the following individuals are victims of the criminal conduct for which he is charged in this case, and these victims may be entitled to restitution. While the government has made an effort to contact each of these individuals and determine whether restitution is owed, the defendant acknowledges that he may owe restitution to the individuals identified below that has not yet been determined. If, in advance of sentencing, the U.S. Probation Office determines the victims below are entitled to an amount of restitution, the defendant agrees to pay restitution to these victims:

      a. Courtney Rinehart
      b. Angelia Wolfskill
      c. David McGinness
      d. Jake Dorton
      e. Albertina Savage
      f. Antonio Thompson
      g. Victor Nicks
      h. Linda Mahoney
      i. Ebou Sarr
      j. Nolan Pinkney
      k. Tina Johnson
      l. Larry Zuniga
      m. Victoria Rivers

  n. Barbara Hightower
  o. Lary McCollum
  p. Eddie Fisher
  q. Michael Brooks
  r. Donya Jackson
  s. Michelle Payne

7. **Sentence to be Determined by the Court.** The defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot and has not made any promise or representation as to what sentence he will receive.

8. **Identification of Assets and Agreement Concerning Monetary Penalties (Restitution, Fines, Assessments) and Forfeiture.** The defendant agrees to cooperate fully with the United States Attorney's Office and specifically agrees as follows:

(a) Defendant agrees to execute a financial statement provided by the United States Attorney's Office and to update the statement with any material changes within 30 days of any such change. Defendant further agrees to provide all supporting documentation, including, but not limited, to copies of federal tax returns. The defendant agrees to disclose all assets in which defendant has any interest or which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, as well as any transfer of assets that has taken place within six years preceding the entry of the judgment in this criminal case. Additionally, the defendant agrees to periodically execute an updated financial statement at the request of the United States Attorney's Office until such time the judgment debt is paid in full.

(b) Defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. Defendant agrees the United States Attorney's Office may subpoena any records it deems relevant to conduct a full financial investigation. Defendant agrees to discuss or answer any questions by the United States relating to its financial investigation.

(c) Defendant agrees to submit to an examination prior to and/or after sentencing, which may be taken under oath, and/or may include a polygraph examination.

(d)    Defendant agrees that any waivers, consents, or releases executed for the United States Probation Office for purposes of preparation of the Presentence Report may be provided to the United States Attorney's Office. All information defendant provided to the United States Probation Office or independently obtained by the United States Probation Office may be provided to the United States Attorney's Office.

(e)    Defendant agrees not to encumber, transfer, or dispose of any monies, property, or assets under defendant's custody or control, without written approval from the United States Attorney's Office.

(f)    Defendant agrees that whatever monetary penalties the Court imposes (including any fine, restitution, assessment, or forfeiture judgment), will be due and payable immediately and subject to immediate enforcement by the United States. Should the Court impose a schedule of payments, he agrees that the schedule of payments is a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If defendant is incarcerated, defendant agrees to participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

(g)    If defendant posted funds as security for defendant's appearance in this case, defendant authorizes the Court to release the funds to the Clerk of the United States District Court to be applied to the criminal monetary impositions at the time of sentencing.

(h)    Defendant waives any requirement for demand of payment on any restitution, fine, assessment, or forfeiture judgment entered by this Court.

(i)    Defendant agrees to notify the United States Attorney's Office within 30 days of any change of address until the judgment debt is paid in full.

(j)    Defendant agrees the terms of this agreement shall be incorporated into the Judgment in a Criminal Case.

(k)    Defendant agrees to be included in the Treasury Offset Program allowing qualified federal benefits to be applied to offset the balance of criminal monetary penalties.

(l)    Defendant agrees that noncompliance with any of the terms set forth in this paragraph will result in a continuance of the sentencing hearing.

9.    **Withdrawal of Plea Not Permitted.** The defendant understands that if the Court accepts this Plea Agreement, but imposes a sentence with which he does not agree, he will not be permitted to withdraw his guilty plea.

10. **Payment of Special Assessment.** The defendant understands that a mandatory special assessment of $100.00 per count of conviction will be entered against him at the time of sentencing. The defendant agrees to deliver to the Clerk of the United States District Court payment in the appropriate amount no later than the day of sentencing. The defendant has the burden of establishing an inability to pay the required special assessment. The parties acknowledge that if the Court finds the defendant is without resources to pay the special assessment at the time of sentencing, the Court may allow payment during his period of incarceration.

11. **Waiver of Appeal and Collateral Attack.** The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence to be imposed herein, including restitution, the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. The defendant also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case, except to the extent, if any, the Court departs upwards from the sentencing Guideline range that the Court determines to be applicable. However, if the United States exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received, as authorized by 18 U.S.C. § 3742(a). Notwithstanding the forgoing

waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

12. **FOIA and Privacy Act Waiver.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552. The defendant further waives any rights conferred under the Privacy Act of 1974, 5 U.S.C. § 552a, to prevent or object to the disclosure of records or materials pertaining to this case.

13. **Full Disclosure by United States.** The defendant understands the United States will provide to the Court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning his background, character, and conduct, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he is pleading guilty. The United States may respond to comments he or his attorney makes, or to positions he or his attorney takes, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this Plea Agreement. The defendant also has the right to provide information concerning the offense and to make recommendations to the Court and the United States Probation Office.

14. **Parties to the Agreement.** The defendant understands this Plea Agreement binds only him and the United States Attorney for the District of Kansas, and that it does not bind any other federal, state, or local prosecution authority.

15. **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this Plea Agreement with his attorney and he is fully satisfied with the advice

and representation his attorney provided. Further, the defendant acknowledges that he has read the Plea Agreement, understands it, and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this Plea Agreement supersedes any and all other agreements or negotiations between the parties, and that this Plea Agreement embodies each and every term of the agreement between the parties.

16. The defendant acknowledges that he is entering into this Plea Agreement and is pleading guilty because he is guilty. He further acknowledges that he is entering his guilty plea freely, voluntarily, and knowingly.

_____     Date: 3-22-17
Erin S. Tomasic
Special Assistant United States Attorney
500 State Avenue, Suite 360
Kansas City, Kansas 66101
(913) 551-6730
(913) 551-6541 (fax)
Erin.Tomasic@usdoj.gov
D. Kan. No. 78430

_____     Date: 3-22-17
Scott C. Rask
Criminal Coordinator
Kan. S. Ct. No. 15643

_____     Date: 3-22-17
Alphonzo Kellin
Defendant

_____     Date: 3-22-17
Edward K. Fehlig , Jr.
Law Offices of Fehlig & Fehlig Tatum, LLC
1118 McGee Street
Kansas City, MO 64106
314-359-5690
Fax: 888-892-7819
Email: ed@fehlig.com
Counsel for Defendant

12